IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS JAMES WEBB,

    Petitioner,

v.                                                            Civil Action No. 3:11CV792

DIRECTOR, VIRGINIA DEPARTMENT OF
CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Travis James Webb, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Webb has responded. Respondent also filed a Motion to Submit Additional Exhibits. (Docket No. 13.) That motion WILL BE GRANTED and the exhibits filed. The matter is ripe for disposition.

### I.    PROCEDURAL HISTORY

#### A.    State Proceedings

The Circuit Court for the City of Chesapeake, Virginia ("Circuit Court") convicted Webb of two counts of abduction, robbery, two counts of use of a firearm in the commission of abduction, and one count of use of a firearm in the commission of a robbery. The Circuit Court entered final judgment with respect to those convictions on June 29, 2007. *Commonwealth v. Webb*, Nos. CR05–1161 through CR05–1164, CR05–1406, and CR05–1407, at 2 (Va. Cir. Ct. June 29, 2007). On June 20, 2008, the Supreme Court of Virginia refused Webb's petition for appeal. *Webb v. Commonwealth*, No. 080358, at 1 (Va. June 20, 2008).

On March 11, 2009, Webb filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus 1, *Webb v. Dir., Va. Dep't Corr.*, No. 090465 (Va. filed Mar. 11, 2009). On September 4, 2009, the Supreme Court of Virginia denied the petition. *Webb v. Dir., Va. Dep't Corr.*, No. 090465, at 1 (Va. Sept. 4, 2009). The Supreme Court of Virginia subsequently dismissed Webb's petition for rehearing as untimely filed. *Webb v. Dir., Va. Dep't Corr.*, No. 090465, at 1 (Va. Jan. 19, 2010).

On July 23, 2010, Webb filed a petition for a writ of mandamus in the Circuit Court. Petition for Writ of Mandamus 1, *Webb v. Mitchell*, No. CL10–1796 (Va. Cir. Ct. filed July 23, 2010). The Circuit Court dismissed the petition on November 16, 2010, finding it untimely and finding that it requested relief that could not be granted by the Circuit Court. *Webb v. Mitchell*, No. CL10–1796, at 1 (Va. Cir. Ct. Nov. 16, 2010).

On August 29, 2011, Webb filed a second habeas petition in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus 1, *Webb v. Dir., Va. Dep't Corr.*, No. 11624 (Va. filed Aug. 29, 2011). On November 9, 2011, the Supreme Court of Virginia dismissed Webb's second petition as, *inter alia*, untimely pursuant to section 8.01–654(A)(2) of the Virginia Code.[1] *Webb v. Dir., Va. Dep't Corr.*, No. 111624, at 1 (Va. Nov. 9, 2011).

---

[1] This section states, in pertinent part, that:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2012).

B. **Federal Habeas Petition**

On November 22, 2011, Webb filed the present § 2254 Petition in this Court.[2] (§ 2254 Pet. 15.)[3] In his § 2254 Petition, Webb contends:

| | |
|---|---|
| Claim One: | The Court of Appeals of Virginia erred in denying his delayed appeal; |
| Claim Two: | The Circuit Court abused its discretion by sentencing Webb "'way over the guidelines'" despite Webb's long history of mental illness (§ 2254 Pet. 7); |
| Claim Three: | The Circuit Court erred in finding Webb guilty given the testimony of the co-defendant. |

## II. ANALYSIS

A. **Statute of Limitations**

Respondent contends that the federal statute of limitations bars Webb's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] On October 30, 2008, prior to pursuing state habeas relief, Webb filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *Webb v. Dir., Va. Dep't Corr.*, No. 3:08cv732 (E.D. Va. filed Oct. 30, 2008). Because Webb failed to exhaust his state remedies, the Court dismissed the action without prejudice at Webb's request on March 4, 2009.

[3] The Court deems the § 2254 petition filed on the date Webb swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement of the Statute of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

Webb's judgment became final on Thursday, September 18, 2008, when the time to file a petition for a writ of certiorari expired.[4] *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (*citing* 28 U.S.C. § 2244(d)(1)(A))); *see* Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run the next day, and 173 days of the limitation period elapsed

---

[4] Webb indicates that he filed a petition for a writ of certiorari in the United States Supreme Court, however, the Supreme Court dismissed it as untimely filed. (§ 2254 Pet. 3–4.) Webb's untimely petition does not delay the date at which his conviction became final under 28 U.S.C. § 2244(d)(1)(A). *See, e.g., Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008) (refusing to extend commencement of limitations period for untimely petition for writ of certiorari subsequently denied by Supreme Court); *United States v. Bendolph*, 409 F.3d 155 158–59 n.5 (3d Cir. 2005)(citing cases).

4

before Webb filed his first state petition for habeas corpus on March 11, 2009. *See* 28 U.S.C. § 2244(d)(2).

C. **Statutory Tolling**

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. *See id.* "[A]n application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Here, the limitation period remained tolled from March 11, 2009 until September 4, 2009, when the Supreme Court of Virginia dismissed Webb's first state petition for a writ of habeas corpus.[5]

Because Webb pursued an untimely petition for rehearing of that decision, the time that Webb's petition for rehearing was pending before the Supreme Court of Virginia fails to further toll the limitation period. *See id.* Virginia Supreme Court Rule 5:20(a)[6] dictates the timing for a petition for rehearing. A petition for rehearing filed beyond the prescribed period, such as Webb's, fails to qualify for statutory tolling. *See, e.g., Escalante v. Watson*, No. 10–7240, 2012

---

[5] Webb filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on October 30, 2008. Webb's first federal petition fails to qualify as an "'application for State post-conviction or other collateral review'" within the meaning of the AEDPA, thus, he lacks entitlement to tolling during the pendency of his first habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (*quoting* 28 U.S.C. § 2244(d)(2)).

[6] The rule states in relevant part: "When a petition for appeal is either refused or dismissed . . . . appellant may, within 14 days after the date of this order, file in the office of the clerk of this Court a petition for rehearing." Va. Sup. Ct. R. 5:20(a) (West 2012).

5

WL 2914239, at *6 (4th Cir. July 18, 2012) (refusing to toll limitation period for the time period where the inmate's defective petition for appeal was pending before the Supreme Court of Virginia); *Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009) (precluding tolling the time between the state's denial of a habeas petition and the untimely petition for appeal of that decision).

Similarly, Webb's untimely petition for a writ of mandamus fails to qualify for statutory tolling. The Circuit Court dismissed the petition as barred by the one-year limitation period set forth in section 8.01–644.1 of the Virginia Code[7] and found it requested relief that the Circuit Court could not grant. *Webb v. Mitchell*, No. CL10-1796, at 1 (Va. Cir. Ct. Nov. 16, 2010). Additionally, Webb's second, untimely state petition for a writ of habeas corpus fails to qualify for statutory tolling. *See Pace*, 544 U.S. at 417.

Thus, the limitation period began to run again upon the dismissal of Webb's first state habeas petition on September 4, 2009. The limitation period ran for an additional 808 days before he filed his present § 2254 Petition on November 22, 2011. Because the limitation period ran for a total of 981 days before Webb filed his § 2254 Petition, the statute of limitations bars the § 2254 Petition unless Webb demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Webb argues that his prior mental incompetency warrants equitable tolling.

D.   **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is

---

[7] "A petition for extraordinary writ of mandamus, filed by or on behalf of a person confined in a state correctional facility, shall be brought within one year after the cause of action accrues." Va. Code. Ann. § 8.01–644.1 (West 2012).

'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Webb seeks equitable tolling based on his mental incapacity. Only in instances of "profound mental incapacity" will the Court apply equitable tolling. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (*citing Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). Moreover, to prove entitlement to equitable tolling Webb "'must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition.'" *Robison v. Hinkle*, 610 F. Supp. 2d 533, 539–40 (E.D. Va. 2009) (alteration in original) (*quoting McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)). Here, the record contains ample evidence to support that threshold showing of incompetence.

Webb argues that in January or February 2010,[8] the state court "found [him] incompetent to stand trial which had a big effect on petitioner understanding and filing any legal process timely and correctly." (Pl.'s Opp'n Mot. Dismiss ¶ 5 (spelling corrected).) Later in his pleadings, he contends he "filed [a] subsequent habeas in the Supreme Court of Virginia on August 29, 2011, after returning from [a] 6-month treatment and evaluation back to restoration to competency [in] Central State Hospital. Petitioner filed to correct any errors made while filing incompetent and under diminished capacity." (*Id.* ¶ 7 (grammar and capitalization corrected).)

---

[8] The Court notes that the limitations period for his § 2254 Petition had not expired as of this date.

Webb's submissions bear out his claims of incompetency. A February 16, 2010 letter Webb submitted indicates that he faced charges in the Circuit Court for the County of Greensville ("Greensville Circuit Court") in 2010. The Greensville Circuit Court ordered a competency evaluation, and "Dr. David Epstein opined that [Webb] is incompetent to stand trial, and that he is in need of inpatient restoration services."[9] (*Id.* Ex. 10, at 1).[10] According to an October 27, 2010 letter,[11] "[b]y Order dated 3 June 2010, Judge Campbell ordered treatment of such incompetent defendant on an in-patient basis at Central State Hospital in an effort to restore him to competency." (*Id.* at 4.) In his October 27, 2010 letter, Waldrop asked Dr. Epstein to advise him and other named persons regarding Webb's competency status. (*Id.*)

Despite Webb's apparent incompetency after February 2010, the record indicates that in April, May, July, August, and October 2010, the state housed Webb in Greensville Correctional Center and Sussex II State Prison, not in Central State Hospital or in any other inpatient treatment facility. (*See id.* 2–4); Petition for Writ of Mandamus 3–4, *Webb v. Mitchell*, No. CL10–1796 (Va. Cir. Ct. filed July 23, 2010); Circuit Court's Letter 1, *Webb v. Mitchell*, No. CL10–1796 (Va. Cir. Ct. filed Aug. 2, 2010); Motion to Dismiss 7, *Webb v. Mitchell*, No. CL10–1796 (Va. Cir. Ct. filed Oct. 18, 2010). The Court also notes that Webb pursued litigation in the state courts in 2010, including a petition for a writ of mandamus filed in July 2010. Nonetheless, based upon the record and Respondent's failure to address Webb's equitable

---

[9] Rebecca V. Stredny, Chief Forensic Coordinator for Central State Hospital, submitted the letter to the Greensville Circuit Court.

[10] Exhibit 10 consists of four pages.

[11] This letter to Dr. Epstein comes from Jerry E. Waldrop, the attorney who appears to represent Webb on the Greensville Circuit Court charges.

8

tolling arguments, the Court cannot discern when, if ever, the state restored Webb to competency, and thus, lacks the ability to determine the relevant period of incompetency.

The Court recognizes that Webb must also demonstrate that his incompetency prevented him from timely filing his § 2254 Petition. *Robison*, 610 F. Supp. 2d 539–40 (explaining that petitioner must show causal relationship). Given the current state of the record and the limited briefing, the Court declines at this juncture to determine whether Webb's incompetency caused him to untimely file his § 2254 Petition. *See Laws v. Lamarque*, 351 F.3d 919, 923–25 (9th Cir. 2003) (finding trial court abused its discretion by denying § 2254 petition where record was "patently inadequate" to evaluate strength of petitioner's incompetency claims for equitable tolling and state offered no countervailing evidence, and remanding for further factual development).

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (Docket No. 8) will be denied without prejudice. Respondent will be directed, within thirty (30) days of the date of entry hereof, to file a further response, which may raise any procedural defenses and must address the merits of Webb's claims. Should Respondent wish to renew his procedural defense alleging the untimeliness of Webb's petition, Respondent must provide a copy of the records from the Circuit Court for the County of Greensville pertaining to Webb's restoration to competency and fully brief the issue of equitable tolling.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Webb and counsel for Respondent.

An appropriate Order shall issue.

Date: 1-31-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge